UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| UNITED STATES OF AMERICA | ) | CR118-034 |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | |
| JONATHAN AUSTIN | ) | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, in open court on August 8, 2018, Defendant Jonathan Austin (hereinafter, the "Defendant") after being advised of the charges against him, namely violation of 18 U.S.C. § 1347 (Health Care Fraud), and 42 U.S.C. § 408(a)(3) (False Statement for Use in Determining Disability Insurance Benefits), waived prosecution by Indictment and consented to proceed on the afore-mentioned charges by Information rather than Indictment;

WHEREAS, the Information charged violations of 18 U.S.C. § 1347 (Count One – Health Care Fraud) and 42 U.S.C. § 408(a)(3) (Count Two – False Statement for Use in Determining Disability Insurance Benefits);

WHEREAS, the Information sought forfeiture pursuant to 18 U.S.C. § 982(a)(7) of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to violation of 18 U.S.C. § 1347 (Count One – Health Care Fraud), including but not limited to, a sum of money representing the amount of gross proceeds obtained as a result of said violation;

WHEREAS, the Information additionally sought forfeiture pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c) of any other property of Defendant up to the value of the forfeitable property;

WHEREAS, on August 8, 2018, pursuant to a written plea agreement, Defendant reiterated his waiver of the right to be charged by Indictment and entered a plea of guilty to Count One of the Information charging violation of 18 U.S.C. § 1347 and Count Two of the Information charging violation of 42 U.S.C. § 408(a)(3);

WHEREAS, pursuant to his plea agreement, Defendant agreed to forfeit $750,000.00 in United States dollars or an equivalent amount of bitcoin (collectively, the "Subject Property") to the United States Department of Defense, Office of Inspector General, Defense Criminal Investigative Services no later than Monday, April 16, 2018;

WHEREAS, pursuant to his plea agreement, Defendant agreed to waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment without further order of the Court;

WHEREAS, pursuant to his plea agreement, Defendant further agreed to take whatever steps are necessary to pass clear title to the Subject Property to the United States including but not limited to assisting the government's efforts to seize and/or transfer to the government up to 200 bitcoins owned by Defendant, signing a consent order or decree to effectuate the forfeiture described above, signing a stipulation of

facts regarding the transfer and basis for the forfeiture, and executing any other documents that the government believes to be necessary to effectuate such transfer and forfeiture;

WHEREAS, Defendant surrendered to the Department of Health and Human Services the password for his cryptocurrency wallet and two cold-storage devices containing bitcoin, which is proceeds traceable to the health care fraud offense to which Defendant pled guilty;

WHEREAS, the Department of Health and Human Services has turned over said two devices and password to the Department of Homeland Security, United States Secret Service to effectuate the liquidation of bitcoin to United States Currency; and

WHEREAS, once said bitcoin has been converted to United States Currency, the same will be submitted to the Department of Justice, Money Laundering and Asset Recovery Section (MLARS) for a determination of remission and/or restoration.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Government has established the requisite nexus between the above-described Subject Property and the offense committed by Defendant, and the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property.

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order. No such notice or ancillary proceeding is necessary to the extent that this Order consists solely as a judgment for a sum of money. *See* Fed. R. Crim. P. 32.2(c)(1).

4. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth

the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

7. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court shall forward four certified copies of this Order to Assistant U.S. Attorney Xavier A. Cunningham, United States Attorney's Office for the Southern District of Georgia, P.O. Box 8970, Savannah, Georgia 31412.

Date: 9/24/2018

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA