IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | CR 118-034 |
| | * | |
| JONATHAN D. AUSTIN | * | |

**O R D E R**

Pursuant to 18 U.S.C. § 3145(b), Defendant Jonathan Austin has filed an appeal from the United States Magistrate Judge's August 5, 2022 Detention Order. (Doc. no. 57.) After an independent and *de novo* review of the detention proceedings before the Magistrate Judge, the arguments of counsel in brief, and the relevant law, the Court finds that detention is appropriate and therefore affirms the Detention Order.

**I.   LEGAL STANDARD**

When the Government seeks to detain a defendant pending a final revocation hearing, the Court must determine whether any "condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In the context of a petition seeking revocation of supervised release,

1

the defendant bears the burden of proving "by clear and convincing evidence that [he or she] will not flee or pose a danger to any person or to the community . . . ." Fed. R. Crim. Pro. 32.1(a)(6). This Court's review of the Magistrate Judge's decision is *de novo*. United States v. Hurtado, 779 F.2d 1467, 1481 (11th Cir. 1985) (stating the district court "is not constrained to look for abuse of discretion or to defer to the judgment of the prior judicial officer" when reviewing detention decisions).

The Court considers the following relevant factors: (1) the nature and circumstances of the charged violations; (2) the weight of the evidence against Defendant; (3) the history and characteristics of Defendant, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. 18 U.S.C. § 3142(g).

The Court may conclude that additional evidence is necessary and conduct its own evidentiary hearing. United States v. King, 849 F.2d 485, 490 (11th Cir. 1988). Here, the record is complete, and another hearing is unnecessary.

## II. DISCUSSION

Convicted of health care fraud and making false statements concerning eligibility for disability insurance benefits, Defendant began serving his term of supervised release on March 13, 2020. The Petition, filed just thirteen months later on April 19, 2021, alleges nine violations and, if found to be true, establishes a pattern and practice by Defendant of willfully refusing supervision and wasting probationary resources. Indeed, seven of the nine violations allege Defendant failed to follow instructions of probation officers and detail a multitude of failed attempts by probation officers to interact with Defendant.

At the bond hearing, defense counsel presented by proffer that (1) Defendant would comply with supervised release conditions this time because he is wiser than when he began supervision; (2) to ensure compliance, Defendant is willing to check in with probation officers every week; (3) Defendant will seek employment this time and begin to pay restitution; and (4) Defendant wants to be at home with his pregnant wife. Defendant did not challenge the veracity of the violations alleged in the petition, each of which is a firsthand observation by probation officers.

The Magistrate Judge detained Defendant, explaining by Order that Defendant poses an unreasonable risk of danger to the community. (Doc. no. 51.) During oral remarks from the bench, the Magistrate Judge explained that Defendant had not carried his

3

burden of proving by clear and convincing evidence that, if released on bond, he would likely comply with the same supervised release conditions he is accused of violating nine times in thirteen months.

This Court has conducted a *de novo* review and agrees with the Magistrate Judge's factual findings and legal conclusions. The petition paints a portrait of Defendant as a person who flatly refused to cooperate in his supervision. The weight of the evidence is strong because all nine violations are supported by firsthand experiences of the probation officers, and Defendant made no suggestion of innocence during the detention hearing. The proffer by Defendant was not "clear and convincing." Instead, it consisted entirely of promises that Defendant would do better this time.

Defendant takes great exception to the Magistrate Judge's analysis, arguing without citation of legal authority that (1) the bond analysis must take place in a vacuum where the violations alleged in the petition are not considered; and (2) the Court cannot consider the likelihood of compliance with conditions when determining whether Defendant is a danger to the community and should be detained. The Court disagrees.

Most obviously, defense counsel's arguments fly in the face of the express language of the Bail Reform Act, which requires consideration of, among other things, the nature and circumstances of the violations alleged in the petition, the weight of the

evidence against Defendant, and the history and characteristics of Defendant including character and past conduct. 18 U.S.C. § 3142(g).

The D.C. Circuit directly addressed and rejected the argument advanced by defense counsel here, explaining that a defendant's likelihood of compliance with release conditions "is relevant to the ultimate determination of 'whether there are conditions of release that will reasonably assure the safety of any other person and the community.'" United States v. Munchel, 991 F.3d 1273, 1280-81 (D.C. Cir.), judgment entered, 844 F. App'x 373 (D.C. Cir. 2021) (quoting § 3142(f)). Indeed, "it defies logic to suggest that a court cannot consider whether it believes that the defendant will actually abide by its conditions when making the release determination in the first instance." Id. The Eleventh Circuit agrees. United States v. Wingo, 490 Fed. App'x 189, 191 (11th Cir. 2012) (affirming order of pretrial detention after bond violations based on finding defendant was unlikely to comply with conditions in light of his prior violation).

Furthermore, caselaw is replete with examples of courts determining that release on bond is inappropriate where, as here, the nature of the allegations, weight of the evidence, and the defendant's history and characteristics establish the defendant is likely to violate if released on bond. See, e.g., United States v. Hir, 517 F.3d 1081, 1092-93 (9th Cir. 2008) (considering in context

5

of pretrial release whether defendant "would comply in good faith with the proposed, or any other, conditions of releasee"); United States v. Tortora, 922 F.2d 880, 886-90 (1st Cir. 1990) (affirming order of pretrial detention because conditions "hinge on the defendant's good faith compliance," and defendant, "by his own words and deeds, has already demonstrated that conditions are not worth the paper on which they are written.").

### III. CONCLUSION

For all these reasons, the Magistrate Judge correctly found Defendant should be detained pending the final revocation hearing because he is unlikely to abide by the conditions of release and therefore poses a danger to the community. Accordingly, the Court **DENIES** Defendant's appeal, (doc. no. 57), and **AFFIRMS** the Magistrate Judge's Detention Order of August 5, 2022, (doc. no. 51).

ORDER ENTERED at Augusta, Georgia, this 14th day of September, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA